**LITE DEPALMA GREENBERG & AFANADOR, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

*Attorneys for Plaintiff and the Putative Class and Subclass*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBYN JOHNSON, on behalf of herself and all others similarly situated, | Civil Action No.: |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| COSIGN, | |
| *Defendant.* | |

Plaintiff Robyn Johnson ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Cosign ("Cosign" or "Defendant"), and states:

## NATURE OF THE ACTION

1. There is a cost-of-living crisis in our country, one that is especially acute in the housing market. One reason is the relentless imposition of add-on fees in excess of advertised rates—including "pay-to-pay" fees like those at issue in this Class Action Complaint ("Complaint")—wherein consumers are charged add-on junk fees to make payments to Defendant for is lease guarantee services.

2. Cosign, an online lease guarantee company for residential renters with credit or income obstacles to being approved for leases, offers its services for a flat rate. That flat rate does

not include 3% fees that Defendant later adds for the right to pay that flat rate. The existence of such fees comes as a surprise to consumers who, at the time they rent an apartment and agree to use Cosign, have no idea they will need to pay extra to pay Cosign.

3. Plaintiff brings this putative class action seeking monetary damages, treble and/or other statutory damages, restitution and injunctive relief arising from Defendants' deceptive and unfair imposition of junk 3% "Payment Processing Fees."

4. Defendant's imposition of the Payment Processing Fee on rent payments is improper for multiple reasons.

5. First, it is unfair and deceptive under state consumer protection laws to charge renters fees to make their payments, especially when they are not informed of such fees prior to agreeing to use Cosign. Just as an advertised hotel rate reasonably implies there will not be additional fees for using a bed, an advertised flat rate reasonably implies a consumer may pay the amount of the advertised price without additional charges.

6. Second, at the time Plaintiff and Class members agreed to use Cosign, they were never informed they would be assessed "pay-to-pay" fees for making their payment to Cosign.

7. Third, Defendant's payment interface is deceptive and violates state consumer protection laws, which require prominent and accurate disclosure of all fees. Defendant violates these statutes by adding Payment Processing Fees while providing no fair disclosure on how to avoid or remove them.

8. Fourth, any information Defendant provides consumers about the Payment Processing Fee is wholly inadequate. Defendant fails to explain or justify the fee by identifying what "processing" it provides. In reality, the Payment Processing Fee has nothing to do with pass-

through payment-processing. Rather, the Payment Processing Fee is larded with profit for Defendant.

9. Plaintiff and Class members are injured by Defendant's deceptive, unfair and illegal practices. Plaintiff brings this action on behalf of herself and the putative Class and seeks actual damages, treble and/or other statutory damages, restitution and injunctive relief to prevent Defendant from continuing to engage in the illegal practices alleged herein.

## PARTIES

10. Plaintiff is a citizen and resident of Alabama and, at all relevant times alleged herein, was a tenant of a property in Virginia. She was assessed a Payment Processing Fee for paying for Defendant's lease guarantee product.

11. Defendant Cosign is located in Livingston, New Jersey.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, there are more than 100 putative Class members, and at least one member of the Class, including Plaintiff,is a citizen of a State different from Defendant.

13. This Court has personal jurisdiction over Defendant because Defendant is located in Livingston, New Jersey, conducts substantial business in New Jersey, and the conduct giving rise to Plaintiff's claims emanated from New Jersey.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant's headquarters is in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### A. Cosign

15. According to Defendant's website, "Rent with Cosign was founded by landlords and property managers to help renters access homes for which they otherwise would not have qualified. Through Cosign's network of landlord and property management partners, we help take the stress out of qualifying for a new home."

16. Defendant operates as a third-party institutional guarantor and co-signer service that backs apartment leases for renters who do not meet a property's standard income, credit, or rental history requirements.

### B. Defendant Charges Consumers Payment Processing Fees Over and Above the Advertised Rates for Lease Guarantees

17. At the time tenants agree to use Cosign for lease guarantee services, they are not informed they will be assessed "pay-to-pay" fees for making payments for those same services.

18. Here's how it works. Consumers apply for the Cosign lease guarantee service, at an advertised rate. An approval decision comes shortly thereafter. Only then, after approval, are consumers informed of the catch: they will need to pay Defendant more to pay for the service they just applied for.

19. Consumers are then provided with a screen like the one provided to Plaintiff:




**C. Defendant's Payment Processing Fee is a Junk Fee that Violates Federal Guidance and State Consumer Protection Laws**

20. Defendant's Payment Processing Fee is precisely the type of "junk fee" that has come under government scrutiny in recent years:

> Junk fees are fees that are mandatory but not transparently disclosed to consumers. Consumers are lured in with the promise of a low price, but when they get to the register, they discover that price was never really available. Junk fees harm consumers and actively undermine competition by making it impractical for consumers to compare prices, a linchpin of our economic system.[1]

21. As the FTC said recently in its effort to combat junk fees:

> Many consumers said that sellers often do not advertise the total amount they will have to pay, and disclose fees only after they are well into completing the transaction. They also said that sellers often misrepresent or do not adequately disclose the nature or purpose of certain fees, leaving consumers wondering what they are paying for or if they are getting anything at all for the fee charged.[2]

---

[1] The White House, *The Price Isn't Right: How Junk Fees Cost Consumers and Undermine Competition*, Mar. 5, 2024, available at https://bidenwhitehouse.archives.gov/cea/written-materials/2024/03/05/the-price-isnt-right-how-junk-fees-cost-consumers-and-undermine-competition/.

[2] Federal Trade Commission, *FTC Proposes Rule to Ban Junk Fees – Proposed rule would prohibit hidden and falsely advertised fees*, Oct. 11, 2023, available at https://www.ftc.gov/news-events/news/press-releases/2023/10/ftc-proposes-rule-ban-junk-fees.

22. In a press release, the FTC articulated the financial harm to consumers arising from "convenience fee[s]" imposed on "captive consumers," such as those who are dealing with companies that have "exclusive rights" (like Defendant):

> It's beyond frustrating to end up spending more than you budgeted because of random, arbitrary fees. . . . No one has ever felt that a 'convenience fee' was convenient. Companies should compete to provide the best quality at the best price, not to see who can squeeze the most added expenses out of consumers. That's especially true at a time when families are struggling with the effects of inflation.[3]

23. The Consumer Financial Protection Bureau ("CFPB") has also taken steps to address junk fees like Defendant's pay-to-pay Payment Processing Fee. In June 2022, it issued an advisory opinion in which it "affirm[ed]" its position that the imposition of "pay-to-pay or 'convenience' fees, such as fees imposed for making a payment online or by phone," where those fees are not contractually or legally authorized, is an "unfair or unconscionable means to collect or attempt to collect any debt" prohibited by Section 808(1) of the FDCPA and the CFPB's regulations implementing that provision.[4]

24. Effective July 1, 2024, California expanded its Consumers Legal Remedies Act by amending it to make illegal "drip pricing," which involves advertising a price that is less than the actual price that a consumer will have to pay for a good or service.[5] Under the new California law, dubbed the "Honest Pricing Law," it is now illegal to advertise a price without disclosing it may be subject to additional or mandatory fees later. In other words, "the price listed or advertised to

---

[3] Federal Trade Commission, *Federal Trade Commission Explores Rule Cracking Down on Junk Fees*, Oct. 20, 2022, available at https://www.ftc.gov/news-events/news/press-releases/2022/10/federal-trade-commission-explores-rule-cracking-down-junk-fees.

[4] *See* 12 CFR part 1006.

[5] Cal. Civ. Code § 1770(a)(29).

the consumer must be the full price that the consumer is required to pay."[6] As the California Department of Justice stated:

> Businesses are free to explain how they set their prices or to *subsequently* itemize the charges that make up the total price that they charge customers. However, the price they advertise or display must be the total price that customers will have to pay for the good or service. Knowing the price of a good [or] service is essential to competition, and displaying a price that is less than what the customer will actually be charged is deceptive.[7]

25. Effective September 2, 2025, the Massachusetts Attorney General promulgated a regulation that strictly prohibits businesses from charging unfair or deceptive "junk fees" like Defendant's Payment Processing Fee.[8] In pertinent part, the express terms of this regulation require businesses to disclose, at both the initial and final presentation of the price of any product or service, including dwelling units for rent or lease, "any fees, charges, or other expenses . . . that are optional to the consumer or waivable by the seller, the fact that such fees, charges, or other expenses are optional to the consumer or waivable by the seller, as well as readily available instructions regarding how to avoid such fees, charges, or other expenses."[9]

26. In an article, Massachusetts Attorney General Andrea Joy Campbell expounded upon the rollout of the new "junk fee" regulations and explained how "these new rules will require businesses to disclose the full price of their goods and services upfront" in the apartment rental market:

> It's move-in season in Massachusetts, and you may have just seen an ad for a studio apartment for $2,500 per month. That amount is going to stretch your budget, but

---

[6] *See* California Department of Justice, Office of the Attorney General, *SB 478 Frequently Asked Questions*, available at https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf (last accessed July 14, 2026).

[7] *Id.* at p. 4 (emphasis added).

[8] *See* Unfairness and Deception in Connection with Marketing/Solicitation/Sale, 940 C.M.R. 38.04; 38.09.

[9] *Id.* at 38.04(2)(b); (3)(c).

> recognizing how competitive the housing market is, you know you need to jump on that rental quickly.
>
> So, you head to the management office the very next day to sign your lease. Just before signing, you notice the amount you'd have to pay every month will actually be $2,750 – beyond what you have budgeted for rent. The extra $250 comes from a mandatory "trash pick-up" fee combined with a vague "amenities" fee. You don't want to start the daunting apartment search process over again, so you sign the lease. But the entire process leaves you feeling misled and paying more than you originally anticipated.
>
> . . .
>
> These fees are not simply an inconvenience – they're a widespread, costly problem impacting all of us. Every year, Americans spend tens of billions of dollars on hidden or surprise "junk fees" that deceptively raise costs beyond advertised prices. As consumers face rising costs of living, these pesky fees quietly drain consumers' wallets.[10]

27. Defendant violates federal guidance and state law by charging the Payment Processing Fee for processing payments on Cosign.

28. Cosign's fee is deceptive and violates state law insofar as it fails to adequately disclose the total price consumers will pay and fails to reasonably inform consumers how to avoid the Payment Processing Fee.

29. Defendant's inadequate disclosure of the Payment Processing Fee, as well as their failure to adequately inform consumers of alternative ways to pay their rent to avoid the fee, are unlawful.

**D. Defendant's Payment Processing Fees Are Hidden Profit**

30. Defendant's Payment Processing Fees are also deceptive, unfair and unlawful insofar as they constitute hidden profit and are not pass-through "processing" costs at all.

---

[10] *'Junk Fees' unfairly rob consumers. New Regulations banning them go into effect today*, CommonWealth Beacon, Andrea Joy Campbell, Sept. 2, 2025, available at https://commonwealthbeacon.org/opinion/junk-fees-unfairly-rob-consumers-new-regulations-banning-them-go-into-effect-today/.

31. Defendant's Payment Processing Fees are materially higher than any payment-processing costs incurred by Defendant, and provide millions of dollars in profits for Defendant.

32. On information and belief, Defendant's Payment Processing Fee is nothing more than a secure, reliable and convenient stream of profit for Defendant. Such profit is unlawful.

33. In New Jersey, credit card surcharges are capped at the actual cost to the merchant to process the credit card payment (P.L. 2023, c.146; N.J.S.A. 56:8-156.2).

34. Defendant's processing fee exceeds this cap.

**E. Plaintiff's Experience**

35. In September, 2026, Plaintiff rented an apartment in Virginia, and paid a Payment Processing Fee of $15.61 to Defendant.

36. Plaintiff was not informed or aware of the fee until after she applied for an was approved to use Cosign's services.

37. Defendant did not adequately disclose how to avoid the fee.

38. Therefore, Plaintiff was unlawfully, unfairly and deceptively charged a Payment Processing Fee that she should not have paid.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated. The proposed Class includes:

> During the fullest period allowed by law, all persons who were charged a Payment Processing Fee when making a payment to Cosign (the "Nationwide Class").

40. Plaintff also seeks to certify a state subcass of Virginia citizens.

41. Excluded from the Class are Defendant, its subsidiaries and affiliates, officers, directors and members of their immediate families, and any entity in which Defendant has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded

party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

42. Plaintiff reserves the right to modify or amend class definitions and/or to add a class(es), if necessary, before this Court determines whether certification is appropriate.

43. Class members are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identities of whom are within the exclusive knowledge of and can be ascertained only by resort to Defendant's records. The Class is also sufficiently ascertainable because Defendant has the capability through computer systems and other business records to identify all members of the Class, and such specific information is not otherwise available to Plaintiff.

44. The questions here are ones of common or general interest such that there is a well-defined community of interest among Class members. These questions predominate over those that may affect only individual Class members because Defendant acted on grounds generally applicable to the Class. Such common legal or factual questions include, but are not limited to:

a. Whether the Payment Processing Fee is unfair, unlawful, deceptive or misleading;

b. Whether the Payment Processing Fee violates the laws asserted herein;

c. Whether Plaintiff and the Class are harmed by Defendant's alleged misconduct;

d. Whether Defendant is unjustly enriched;

e. Whether Defendant tortiously interfered with Class members' lease agreements;

f. Whether Plaintiff and the Class are damaged and if so, the proper measure of damages; and

g. Whether an injunction is necessary to prevent Defendant from continuing to engage in the wrongful conduct alleged herein.

45. Plaintiff's claims are typical of the claims of the other Class members in that they arise out of the same wrongful business practices by Defendant, as alleged herein.

46. Plaintiff is a more than adequate representative of the proposed Class in that she suffered damages because of Defendant's improper business practices. Additionally:

a. Plaintiff is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and retained competent counsel experienced in the prosecution of consumer class actions;

b. There is no conflict of interest between Plaintiff and other Class members;

c. Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d. Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

47. Common questions of fact or law concerning Defendant's liability to all Class members for charging the Payment Processing Fee on rent payments through Cosign predominate over any questions affecting only individual Class members. Plaintiff's proposed class action is the superior method for resolving this dispute because it is impracticable to bring proposed Class members' individual claims before the Court, especially where, as here, individual Class members' damages are relatively small. Class treatment permits many similarly situated persons or entities

to prosecute their common claims in a single forum simultaneously and efficiently and without the unnecessary duplication of evidence, effort, expense or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class action mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

48. Defendant has acted or refused to act on grounds generally applicable to each member of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

49. Plaintiff's claims consist of issues that are common to all members of the Class and are capable of class-wide resolution that will significantly advance the litigation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**New Jersey Consumer Fraud Act (the "NJCFA")**
**Violations of N.J. Stat. Ann. §§ 56:8-1, *et seq.***
***(By Plaintiff, individually, and on behalf of the Class)***

50. Plaintiff, individually, and on behalf of the Class, realleges and incorporates the preceding paragraphs as if fully set forth herein.

51. The NJCFA prohibits "[t]he act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . ." N.J. Stat. Ann. § 56:8-2.

52. Defendant is a "person" within the meaning of N.J. Stat. Ann. § 56:8-1(d). Defendant is located in, and direct its unlawful conduct from, Livingston, New Jersey.

53. Defendant's lease guarantees are "merchandise" within the meaning of N.J. Stat. Ann. § 56:8-1(c), which includes "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale."

54. Defendant engaged in unconscionable commercial practices, deception and misrepresentation in violation of N.J. Stat. Ann. § 56:8-2 by charging the Payment Processing Fee, misrepresenting the fee as lawful and mandatory, failing to adequately disclose the fee or how to avoid it, and charging a fee larded with hidden profit rather than a pass-through cost.

55. Defendant also knowingly concealed, suppressed and omitted material facts at the time consumers apply to Cosign—including that the Payment Processing Fee will be assessed and that it contains profit for Defendant.

56. As a direct and proximate result of Defendant's unlawful practices, Plaintiff and Class members suffered an ascertainable loss of money, namely the Payment Processing Fees they paid,.

57. Pursuant to N.J. Stat. Ann. § 56:8-19, Plaintiff and the Class are entitled to treble damages, reasonable attorneys' fees, filing fees and costs of suit, and appropriate legal or equitable relief, including injunctive relief.

## SECOND CAUSE OF ACTION
**Virginia Consumer Protection Act (the "VCPA")**
**Violations of Va. Code Ann. §§ 59.1-196, *et seq.***
***(By Plaintiff, individually, and on behalf of the Subclass)***

58. Plaintiff, individually, and on behalf of the Class, realleges and incorporates the preceding paragraphs as if fully set forth herein.

59. The VCPA prohibits suppliers from engaging in enumerated "fraudulent acts or practices . . . in connection with a consumer transaction," including "[u]sing any other deception,

fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Va. Code Ann. § 59.1-200(A).

60. Defendant is a "supplier" within the meaning of Va. Code Ann. § 59.1-198 because it is a seller who advertises, solicits, or engages in consumer transactions.

61. Defendant's sale of lease guarantee services to Plaintiff and Class members, including in connection with residential leases in Virginia, constitutes a "consumer transaction" within the meaning of Va. Code Ann. § 59.1-198, as those services are offered and sold to individuals to be used primarily for personal, family, or household purposes.

62. Defendant violated Va. Code Ann. § 59.1-200(A) by advertising its lease guarantee services at a flat rate while later imposing the Payment Processing Fee, misrepresenting the fee as lawful and mandatory, failing to adequately disclose the fee or how to avoid it, and charging a fee larded with hidden profit rather than a true pass-through cost.

63. Defendant's misrepresentations and omissions concerned material facts that a reasonable consumer would consider important in deciding whether to use Cosign, and Plaintiff and Class members relied upon Defendant's advertised flat rate in agreeing to use Cosign and in making their payments.

64. Defendant's violations were willful, as Defendant knowingly designed its payment process to impose the Payment Processing Fee only after consumers were approved and committed to using Cosign.

65. As a direct and proximate result of Defendant's violations, Plaintiff and Class members suffered loss, namely the Payment Processing Fees they paid.

66. Pursuant to Va. Code Ann. § 59.1-204, Plaintiff and the Class are entitled to recover actual damages or $500, whichever is greater, and, because Defendant's violations were willful,

an amount up to three times actual damages or $1,000, whichever is greater, together with reasonable attorneys' fees and court costs, and appropriate injunctive relief.

**THIRD CAUSE OF ACTION**
**Unjust Enrichment**
***(By Plaintiff, individually, and on behalf of the Class and the Subclass)***

67. Plaintiff, individually, and on behalf of the Nationwide Class, and alternatively, the California Class, realleges and incorporates the preceding paragraphs as if fully set forth herein.

68. To the detriment of Plaintiff and the Class, Defendant was, and continues to be, unjustly enriched because of the wrongful conduct alleged herein.

69. Plaintiff and the Class conferred benefits on Defendant.

70. Defendant unfairly, deceptively, unjustly and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow it to retain.

71. Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

72. Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained Payment Processing Fees received by Defendant because of its inequitable conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Certifying the proposed Class, appointing Plaintiff as class representative and appointing her counsel as class counsel;

b. Declaring that Defendant's Payment Processing Fee and their policies and practices as alleged herein are unlawful;

c. Enjoining the wrongful conduct alleged herein on behalf of the general public, including but not limited to the removal of charges incurred by Plaintiff and Class members for Defendant's Payment Processing Fee;

d. Requiring Defendant to disgorge and make restitution of all monies acquired by means of the unlawful practices alleged herein;

e. Awarding actual and statutory damages according to proof;

f. Awarding treble damages as permitted by law;

g. Awarding pre-judgment interest at the maximum rate permitted by law;

h. Reimbursing all costs, expenses and disbursements accrued by Plaintiff in connection with this action, including reasonable attorneys' fees, costs and expenses, pursuant to law and any other basis; and

i. Awarding such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and the Class demand a jury trial on all issues in this Complaint that are so triable as a matter of right.

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

Dated: November 2, 2026

*/s/ Bruce D. Greenberg*

Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (*pro hac vice* to be submitted)
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielpllc.com

*Attorneys for Plaintiff and the Putative Class and Subclass*

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I hereby certify that the following statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

Dated: November 2, 2026

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (*pro hac vice* to be submitted)
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielpllc.com

*Attorneys for Plaintiff and the Putative Class and Subclass*